IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIE UNIQUE DAVIS,**

    Plaintiff,

v.                                    Civil Action No. **3:13CV288**

**DOCTOR RUBY,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Willie Unique Davis, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Davis contends that Defendants Dr. Ruby, Dr. Abassi, and Ms. Charles denied him adequate medical care during his incarceration in the Riverside Regional Jail ("RRJ"). The matter is before the Court on the Motions to Dismiss filed by Defendants Ruby and Charles (ECF No. 29) and Defendant Abassi (ECF No. 33). Despite sending appropriate *Roseboro*[2] notice with the Motions to Dismiss, Davis has not responded. For the reasons stated below, the Court will GRANT Defendants' Motions to Dismiss.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

I. **STANDARD FOR MOTION TO DISMISS**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. SUMMARY OF ALLEGATIONS

In his Complaint, Davis alleges that Defendants Doctor Ruby, Doctor Abassi, and Ms. Charles denied him adequate medical care for an unidentified condition, in violation of the Eighth Amendment,[3] during his incarceration in the Riverside Regional Jail. Davis alleges:[4]

> The medical staff were notified of my condition and of the pain I was experiencing. I was not seen until I called home and had my family call up to the facility various times to check on my condition. The medical did not come to see me until 4–5 days of complaining to the staff. I was seen by the staff for 1 minute only. After . . . complaining for another 2 days, I was finally seen and nothing was done. After finally complaining to the Sgt., I was able to file a grievance. During this time I constantly complained to the nurses and I was informed that the doctor stated he was not going to see me. At this time, I kept on complaining about my condition also about another condition concerning boils up under my arm. On 8/9/12, I was seen by Dr. Ruby and he suggested that I fall out and fake it in order to be seen immediately. He refused to send me out to see a specialist and also stated that I should do what's necessary for the boils to come back in order to treat me. I informed him that I would just take the proper procedures in order to get proper care. Because of not being seen for so long my pain has gotten

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in quotations from the Complaint.

worse and plus the fact they had ran out of my medication. I was informed by Nurse Taylor that I would not be seen by the doctor because he knows of my condition. I have just been dealing with the pain in which was about 3 weeks of constantly complaining, putting in request to be seen, and having my family call to complain in order to be seen. I have been trying to get the medical department since March to get me an appointment so I can be seen by the specialist. My family has made all the necessary stages to get this done also in which the medical staff kept on telling them different things and after so many calls and attempts nothing was still done. I then contacted the specialist several times in order to see what can be done. I have been in pain ever since I tried to get medical attention for my issues. Because of my condition, the pain is unbearable at times and has caused my bowels to be affected and I have lost weight because of these issues. I have all the necessary paperwork in which I have complained and complained in order to get some medical attention in which every avenue to be helped was denied.

(Compl. 4–5, ECF No. 1.) Davis seeks unspecified monetary damages. (*Id.* at 6.)

## IV. ANALYSIS

### A. Defendants Abbasi and Charles

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Davis fails to mention Defendants Abassi or Charles in the body of his Complaint, much less explain how either Defendant was personally involved in the events for which Davis seeks relief. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se

complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Thus, Davis has failed to state a claim against Defendants Abassi or Charles. Accordingly, the claims against Defendants Abassi and Charles will be DISMISSED WITHOUT PREJUDICE.

### B. Defendant Ruby

To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner

6

detained for however short a period is entitled to have all his needed elective medical care performed while in custody . . . ." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

### 1. Refusal to Refer to Specialist

Davis faults Defendant Ruby for failing to send Davis to a specialist for an unspecified condition. Davis alleges no injury from these actions. Davis wholly fails to allege that Defendant Ruby was deliberately indifferent to Davis's unspecified condition. First, Davis fails to allege facts that indicate that the desired specialist appointment was medically necessary. *See Bowring*, 551 F.2d at 48. As an inmate, Davis simply lacks entitlement to the medical treatment of his choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04).

Davis also fails to allege facts that indicated that Defendant Ruby knew of and disregarded an excessive risk to Davis's health. *See Farmer*, 511 U.S. at 837. Davis fails to allege sufficient facts to indicate that Defendant Ruby actually perceived that Davis faced a substantial risk of harm by refusing to refer him to a specialist. At most, Davis states a disagreement with Defendant Ruby with respect to the appropriate course of treatment for his unspecified condition. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6). Accordingly, Davis fails to state an Eighth Amendment claim against Defendant Ruby on this basis.

### 2. Boils

Davis also faults Defendant Ruby for failing to treat "another condition concerning boils up under my arm." (Compl. 4.) Davis claims that "[o]n 8/9/12, I was seen by Dr. Ruby and he . . . stated that I should do what's necessary for the boils to come back in order to treat me." (Compl. 4.) Davis fails to allege facts that Defendant Ruby was deliberately indifferent to a Davis's serious medical condition.

7

First, Davis fails to allege that he sustained any injury, much less a serious or significant physical or emotional injury from any action or inaction of Defendant Ruby. *See Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Davis fails to allege facts that indicate that Defendant Ruby knew of and disregarded an excessive risk to Davis's health. *See Farmer*, 511 U.S. at 837. Instead, Davis alleges that at the time Davis complained to Defendant Ruby about the boils under his arm, Davis no longer had them. Defendant Ruby told Davis that he would need to observe the boils in order to treat the condition. Davis fails to allege that Defendant Ruby was deliberately indifferent to Davis's serious medical need.

### 3. General Complaints of Pain

Davis alleges generally that medical staff failed to see him when he desired for his unspecified condition. Davis alleges that "[t]he medical staff were notified of my condition and of the pain I was experiencing." (Compl. 4.) Davis states that nurses told him that "the doctor stated he was not going to see me" (*id.*) because "he knows of my condition" (*id.* at 5). Davis states that "[b]ecause of my condition the pain is unbearable at times and has caused my bowels to be affected and I have lost weight because of these issues." (*Id.* at 5.) While under the Eighth Amendment, a condition is sufficiently serious if it is "'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Hanrahan v. Mennon*, 470 F. App'x 32, 33 (2d Cir. 2012) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). Davis fails to allege that he ever alerted Defendant Ruby that he experienced this unbearable pain and Defendant Ruby ignored it. *See Oglesby v. Abbassi*, No. 3:12CV194, 2013 WL 4759249, at *5 (E.D. Va. Sept. 4, 2013).

First, Davis fails to allege that Defendant Ruby had any personal involvement in the purported refusal to see Davis for his unspecified medical condition or pain. Davis brings this

8

action against two doctors and he fails to identify who refused to see him, or how the refusal to see Davis resulted in injury. *Cf. Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008) (explaining that "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants" (citing *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003))).

Second, Davis also fails to allege facts indicating that his general complaints about pain were sufficient to place Defendant Ruby on notice of an excessive risk of harm to Davis's health. Davis states he complained to medical staff about the pain he suffered and his condition. Davis further states that "[he] kept on complaining about my condition" and he filed a grievance. (Compl. 4.) Davis, however, fails to allege facts that suggest "that the communication, in its context and manner of transmission, gave [Defendant Ruby] sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). Davis's allegations lack any detail about to whom he complained and the manner of his complaints, when he filed a grievance or to whom it was transmitted, or what information he provided in the grievance. *See Oglesby*, 2013 WL 4759249, at *5; *Puranda v. Kellett*, No. 3:10cv336–HEH, 2011 WL 6742498, at *5 (E.D. Va. Dec. 22, 2011). Davis makes no allegation that based on his general complaints, Defendant Ruby "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Vance*, 97 F.3d at 994 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Davis's vague allegations fall short of permitting the conclusion that his complaints placed Defendant Ruby on sufficient notice of an excessive risk to Davis's health or safety. *See id.* As such, Davis's limited factual allegations against Defendant Ruby fail to

"produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 683). Davis fails to allege sufficiently that Defendant Ruby actually perceived that Davis faced a substantial risk of harm from the medical care or lack of medical care he received.

Third, Davis alleges that after he complained and filed a grievance, Defendant Ruby saw Davis on August 9, 2012. Davis alleges that he told Defendant Ruby that he wanted to see a specialist and had experienced boils under his arm. (Compl. 4.) Davis, however, fails to allege that he alerted Defendant Ruby that he was experiencing extreme pain, bowel problems, and weight loss, and that Defendant Ruby ignored his complaints. Thus, again, Davis fails to allege that Defendant Ruby knew of and disregarded an excessive risk to Davis's health. *See Farmer*, 511 U.S. at 837. Accordingly, the claims against Defendant Ruby will be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

Accordingly, the Motions to Dismiss (ECF No. 29, 33) will be GRANTED. The Motion for Waiver of Oral Hearing (ECF No. 35) is GRANTED. Davis's claims and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2/5/15
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge